IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY MILLER IMPORTS, INC., | ) | |
| formerly known as | ) | |
| GARY MILLER DODGE, INC., | ) | |
| | ) | |
| **Plaintiff** | ) | |
| v. | ) | **Civil No. 11-178 Erie** |
| | ) | |
| CARTER DOOLITTLE, BRENT | ) | |
| DOOLITTLE, KEVIN DOOLITTLE, | ) | |
| and LANDMARK CHEVROLET, INC. | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION TO COMPEL

Presently before the Court is Plaintiff's Motion to Compel Discovery (ECF No. 20), and

Defendants' Brief in Opposition thereto (ECF No. 24). For the reasons that follow we will grant

Plaintiff's motion.

Federal Rule of Civil Procedure 26(b)(1) provides in relevant part:

> **Scope in general.** Unless otherwise limited by court order, the scope of discovery
> is as follows: Parties may obtain discovery regarding any nonprivileged matter
> that is relevant to any party's claim or defense—including the existence,
> description, nature, custody, conditions, and location of any documents or other
> tangible things and the identity and location of persons who know of any
> discoverable matter. . . . Relevant information need not be admissible at the trial
> if the discovery appears reasonably calculated to lead to the discovery of
> admissible evidence.

F.R.C.P. 26(b)(1).

Plaintiff served Interrogatories and Requests for Production of Documents on

Defendants. Defendants responded to the Interrogatories and Requests for Documents.

Defendants did not answer or respond to some of Plaintiff's discovery requests; and in the

opinion of the Plaintiff, Defendants have withheld some documents based on general objections

to the discovery requests. Through correspondence and telephone calls from late September 2012 through late November 2012, Plaintiff's counsel unsuccessfully attempted to resolve the discovery disputes. Thereafter, Plaintiff filed this motion to compel.

First, Plaintiff requests that the Court overrule Defendants' ten General Objections purporting to be applicable to all of Defendants' responses, and order Defendants to produce any documents withheld on the basis of the General Objections. Next, Plaintiff requests that the Court compel Defendants to produce a privilege log for all documents withheld on the basis of attorney-client privilege and the work product doctrine.

Plaintiff then specifically, and in detail, sets forth its individual discovery requests, Defendants' objections to these requests, and Plaintiff's argument as to why the requested information is relevant and discoverable. Furthermore, Plaintiff has narrowed the time frame in certain requests or excluded an individual from a request where appropriate in response to some of Defendants' objections. Overall, we find that Plaintiff has set forth Interrogatories and Requests for Production of Documents that are quite specific, narrowly tailored, and well within the rules of discovery, and Plaintiff supports the requests with well-founded reasoning.

In contrast, Defendants' arguments in opposition are general and fail to address the well-reasoned and detailed arguments of Plaintiff. While Defendants cite to case law and assert general objections of irrelevancy, they fail to sufficiently explain why a particular discovery request is objectionable or irrelevant.

Plaintiff specifically cites to its discovery requests in arguing its position, dividing its brief into sections to address its discovery requests as follows:

- Interrogatory 2 regarding persons with knowledge or custody of documents relating to sales of vehicles, P. Br. 4-6;

- Interrogatory 3 and Request for Production of Documents 3 regarding persons

2

with knowledge or custody of documents purchased by individual Defendants using certain credit cards; and production of the same, *id.* at 6-8;

- Interrogatories 4 and 6 and Request for Production of Documents 5 regarding financial institutions at which the individual Defendants have accounts, persons with knowledge or custody of financial information, and production of the same, *id.* at 8-10;

- Interrogatory 5 and Request for Production of Documents 4 regarding persons with knowledge or custody of documents pertaining to individual Defendants credit cards, and production of the same, *id.* at 10-11;

- Interrogatory 7 regarding persons with relationships to individual Defendants who to whom any vehicle was sold or caused to be sold, *id.* at 11-12;

- Requests for Production of Documents 1 and 6 regarding documents written drafted or retained by Defendants relating to Plaintiff and certain correspondence between Plaintiff and Defendants, *id.* at 12-13;

- Request for Production of Documents 2 regarding documents relating to Board of Directors meetings, *id.* at 13-15;

- Requests for Production of Documents 7 through 14 regarding documents from dealerships concerning specific wrongful vehicle transfers identified in the Complaint, *id.* at 15-17;

- Requests for Production of Documents 15 through 31 regarding documents identified in the Complaint, *id.* at 17-20;

- Requests for Production of Documents 32 and 33 regarding documents identified in the Complaint, *id.* at 20-21.

Defendants, however, specifically respond only to eight of Plaintiff's discovery requests (Interrogatories 4, 5 and 6 and Requests for Production of Documents 4 and 5, D. Br. 5; Request for Production of Documents 2, *id.*; and Requests for Production of Documents 1 and 6, *id.* at 5-6). Moreover, Defendants' discussion of these eight discovery requests only covers a page and a half and contains mere boilerplate generic arguments.

For example, with regard to Plaintiff's request for various financial information, Defendants simply state that Courts do not always allow discovery of tax returns. *Id.* 5. With regard to the

3

request for documents relating to Board of Directors meetings, Defendants offer the unremarkable assertion that such material is not discoverable unless relevant. Defendants fail to show that the requests are not relevant and instead rely on the unsupported assertion that Plaintiff's request is "unfettered and irrelevant." *Id.* Finally, with regard to the request for documents written, drafted, or retained by Defendants relating to Plaintiff, and certain correspondence between Plaintiff and Defendants, Defendants assert that such a request is overbroad and is a fishing expedition. *Id.* 6. Defendants completely ignore that Plaintiff's request is narrow in time (January 2005 through February 2010) and in scope (only as related to the allegations in the Complaint). Plaintiff does a better job of setting out Defendants' objections than Defendants.

Defendant also offers a half-hearted argument that Plaintiff's motion must be denied because Plaintiff failed to confer with Defendants with regard to Interrogatories 2, 3 and 7 and Requests for Production of Documents 7 through 33. *Id.* 3. Based on our review of the correspondence between counsel, the pleadings, and Defendants' Brief, we are satisfied that Plaintiff has complied with its obligation to confer with opposing counsel in an effort to obtain the requested discovery without court action.

Because Defendants do not offer any convincing or sufficient argument in support of their objections to Plaintiff's discovery requests and because Plaintiff's arguments in favor of compelling the same are well-founded, we will grant Plaintiff's motion to compel.

An appropriate Order will be entered.


February 25, 2013
_____
Date

*Maurice B. Cohill, Jr.*
_____
Maurice B. Cohill, Jr.
Senior United States District Court Judge

4