IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY MILLER IMPORTS, INC., <br> formerly known as <br> GARY MILLER DODGE, INC., <br><br> **Plaintiff** <br><br> v. <br><br> CARTER DOOLITTLE, BRENT <br> DOOLITTLE, KEVIN DOOLITTLE, <br> and LANDMARK CHEVROLET, INC. <br><br> **Defendants.** | Civil No. 11-178 Erie |

## MEMORANDUM OPINION and ORDER
## ON PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Presently before the Court is Plaintiff's Motion to Compel Compliance with Subpoena (ECF No. 43); Defendants' Brief in Opposition to the Motion to Compel with alternative Request for In Camera Conference; Plaintiff's Reply Brief; Defendants' Surreply; and Plaintiff's Response to the Surreply. For the reasons that follow we will preliminarily deny Plaintiff's motion and defer a final ruling until after the Court has viewed the relevant documents in camera.

Plaintiff seeks to compel the law firm Macdonald Illig Jones & Britton, LLP to comply with a subpoena requesting the production of documents prepared on behalf of the Plaintiff corporation and any communications between the law firm and any principal, director, officer, or employee of the Plaintiff corporation. In response to the subpoena, Macdonald Illig provided Plaintiff's counsel with a privilege log identifying 23 items claimed to be privileged as attorney client communications and/or as attorney work product.

Of the 23 documents, Plaintiff's counsel seeks to compel the production of eight of them on the basis that they are materials related to Macdonald Illig's representation of the Plaintiff

corporation and therefore the Plaintiff corporation holds the privilege, and not any of the Defendants in their individual capacities. In particular, Plaintiff argues that Defendants Brent Doolittle and Carter Doolittle did not make clear to the law firm that they were seeking legal services in their individual capacities; the law firm billed the Plaintiff corporation for the work performed, and in any event the matters discussed with the law firm by the Doolittles concerned matters of the company. In response, Defendants maintain that the Doolittles in fact did make it clear to the law firm that they were seeking representation in their individual capacities; the law firm undertook the personal representation of the Doolittles knowing that a possible conflict could arise, and the substance of the representation concerned the Doolittles personally seeking to protect their rights and interests as minority shareholders.

"[A]ny privilege that exists as to a corporate officer's role and functions within a corporation belongs to the corporation, not the officer." In re Bevill, Bresler & Schulman Asset Management Corp., 805 F.2d 120, 124 (3d Cir. 1986). "Because a corporation can act only through its agents, a corporation's privilege consists of communications by corporate officials about corporate matters and their actions in the corporation." Id. at 124-125. Therefore, a "corporate official [] may not prevent a corporation form waiving its privilege arising from discussions with corporate counsel about corporate matters." Id. at 125.

The Bevill Court also recognized that "an individual officer may have an individual claim of attorney-client privilege with regard to communications with corporate counsel." Id., citing In re Citibank v. Andros, 666 F.2d 1192 (8th Cir.1981) and Diversified Industries, Inc. v. Meredith, 5732 F.2d 596 (8th Cir. 977) (corporate official seeking advice for himself personally from corporate counsel may retain the privilege).

2

In Bevill, the United States Court of Appeals for the Third Circuit has set forth a five-step test, all of which must be satisfied, in order for a corporate officer to assert a claim of attorney-client privilege as to communications with the corporation's counsel. Id. at 123. According to Bevill, the officer must show the following:

> "First, they must show they approached [counsel] for the purpose of seeking legal advice. Second, they must demonstrate that when they approached [counsel] they made it clear that they were seeking legal advice in their individual rather than in their representative capacities. Third, they must demonstrate that the [counsel] saw fit to communicate with them in their individual capacities, knowing that a possible conflict could arise. Fourth, they must prove that their conversations with [counsel] were confidential. And, fifth, they must show that the substance of their conversations with [counsel] did not concern matters within the company or the general affairs of the company."

Id., quoting In re Grand Jury Investigations, 575 F.Supp. 777, 780 (N.D.Ga. 1983).

We have reviewed the eight items compelled identified on the privilege log produced by MacDonald Illig. It appears on the face of the entries that the documents are properly withheld as being privileged based on the MacDonald Illig's representation that the documents concern matters of the Doolittle's personally.

As recounted in the briefs submitted by both sides, there is a complicated, long-term, and acrimonious dispute between the parties in this case. While MacDonald Illig did represent the Plaintiff corporation in corporate matters, it is also clear that at some point the positions of the majority shareholder of the Plaintiff corporation (Gary Miller) and the Defendants were diametrically opposed. As such we see no reason to doubt MacDonald Illig's representations as well as the Affidavits provided by Brent and Carter Doolittle, that the Doolittles sought advice from lawyers at the same firm that had been representing the corporation itself. Likewise, there is no reason to doubt MacDonald Illig's representation as officers of the Court that they undertook the personal representation of the Doolittle's.

The only remaining issue is whether the substance of the conversations with counsel by the Doolittles concerned matters within the company or the general affairs of the company. We agree with Defendants that there is a distinction between a corporate official communicating with corporate counsel in their corporate capacity to secure legal advice for a corporation on one hand, and an individual who communicates with counsel in their personal capacity seeking legal advice with respect to their rights and interests as a minority shareholder in a closely-held corporation. In fact, there has to be a distinction in order for the Bevill test to be applied, otherwise in any case in which any corporate official communicates with corporate counsel seeking advice about their personal interests as a minority shareholder would automatically be deemed to be a matter within the company or the general affairs of the company.

Of course a minority shareholder seeking to protect his personal rights and interests is going to communicate to counsel about the corporation. As a matter of substance, talking about the corporation in relation to protecting a minority shareholder's rights and interests is entirely different from communicating with counsel about matters within the company or the general affairs of the company. To be more specific, with respect to the withheld documents, it appears that the substance of the Doolittles conversations with counsel concerned matters related to the Doolittles personal rights and interest as minority shareholders and did not concern matters within the company or the general affairs of the company.

Finally, both sides raise the issue of MacDonald Illig billing the Plaintiff corporation for items identified in the privilege log as being privileged as representation on behalf of the Doolittle's in their personal capacity. We fail to see a dispute here. It seems apparent that billing the corporation for work done on behalf of a client personally raises the implication that

4

perhaps the work was in reality performed on behalf of the corporation and concerned mattes of the corporation. But that is what we have resolved in this Opinion by finding that the withheld documents were performed on behalf of the Doolittle's personally and therefore although the implication was raised, it did not lead to the conclusion that the representation performed on behalf of the corporation. Perhaps, as Defendants indicate, the law firm inadvertently billed the corporation for work done on behalf of the Doolittle's personally. If so, the matter of recouping those fees is not before this Court.

We are reasonably sure that the withheld documents are properly privileged but will not issue a final ruling until after we conduct an in camera review of the withheld documents. Accordingly, we will order that the withheld documents be delivered to my Chambers at 700 Grant Street, Suite 8170, Pittsburgh, Pennsylvania, 15219 no later than August 14, 2014.

Accordingly, the following **ORDER** is hereby entered:

AND NOW, this 7th day of August, 2014, for the reasons set forth above, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Compel Compliance with Subpoena is preliminarily denied pending the Court's in camera review of the withheld material.

IT IS FURTHER ORDERED that the withheld material that is the subject of Plaintiff's Motion to Compel be delivered to the Court no later than August 14, 2014.

*Maurice B. Cohill*
Maurice B. Cohill, Jr.
Senior District Court Judge